UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARGULIA NEIMAN, *individually and on behalf of all others similarly situated*,<br><br>                        Plaintiff,<br><br>        v.<br><br>SECURITY CREDIT SERVICES, LLC,<br><br>                        Defendant. | Civil Action No: 7:23-cv-10425<br><br>**CLASS ACTION COMPLAINT<br>AND DEMAND FOR JURY TRIAL** |

Plaintiff Margulia Neiman (hereinafter, "Plaintiff") brings this Complaint by and through her attorneys against Defendant Security Credit Services, LLC, (hereinafter, "Defendant"), individually and on behalf of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." *Id*. at §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using

1

abusive debt collection practices are not competitively disadvantaged." *Id.* at § 1692(e). After determining that the existing consumer protection laws were inadequate, *see id*. at § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq*. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action pursuant to § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA").

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Rockland.

8. Plaintiff is a "person" as the term is used in 15 U.S.C. § 1692d.

9. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and used in the FDCPA, with a registered agent for service of process with Corporation Service Company, located at 80 State Street, Albany, New York 12207.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

    a.  All individuals with addresses in the State of New York;

    b.  Who disputed a debt owned by the Defendant;

    c.  That was acquired by the Defendant once it was in default;

    d.  For which the Defendant ignored the dispute and continued collection actions without verifying the underlying debt; and

    e.  which communications were sent on or after a date one year prior to the filing of this action and on or before a date twenty-one days after the filing of this action.

13. The identities of all Class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

14. Excluded from the class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Class, which common questions predominate over any questions or issues involving only individual class members. The principal

issue is whether the Defendant's communications to consumers, similar in form to that attached as Exhibits B and C, violate 15 U.S.C. §§ 1692e, 1692f and 1692(g).

16. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in this litigation:

    a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications to consumers after being notified, violate 15 U.S.C. §§ 1692e, 1692f and 1692(g).

    c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff, and all members of the Class, have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the

       absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues and class actions. Neither the Plaintiff, nor her counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

    e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Sometime prior to December 14, 2022, an alleged debt was due and owing to Mercury Financial, LLC ("Mercury").

22. The alleged debt was incurred solely for personal, household or family purposes.

23. The subject obligations are consumer-related, and therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

24. Upon information and belief, the Defendant acquired this Mercury Financial debt in a state of default, for the purpose of collecting this debt, making the Defendant a debt collector under the law and subject to the FDCPA.

25. Sometime prior to December 14, 2022, Defendant contracted with MRS BPO, LLC ("MRS") to collect upon the Mercury debt.

26. On December 14, 2022, MRS mailed a letter on behalf of the Defendant to the Plaintiff informing her that it is in receipt of Plaintiff's dispute letter and has notified the Defendant of the dispute and will be providing the verification documents once Defendant sends it to MRS. A true and accurate copy of this letter is attached as Exhibit A, hereinafter, "MRS Letter."

27. The MRS Letter was collecting the Mercury debt, which has an account number ending with 7895 and a balance of $6,979.71.

28. The Plaintiff disputes this debt.

29. Despite being promised that Defendant would provide documentation to support the validity of this account, rather than honor that statement the Defendant assigned the debt to a different debt collector to continue with collection efforts.

30. Upon information and belief, and sometime between December 14, 2022 and prior to January 4, 2023, Defendant contracted with First National Collection Bureau, Inc. ("FNCB") to collect on the Mercury debt.

31.     On January 4, 2023, FNCB sent a letter on behalf of Defendant to collect the same Mercury debt that MRS was collecting upon and the same Mercury debt that Plaintiff disputed. A true and accurate copy of this letter is attached as Exhibit B, hereinafter, "FNCB January Letter."

32.     The FNCB Letter references the Mercury debt and states that the account number ends with 7895 and with a balance of $6,979.71.

33.     During all relevant times, Defendant never provided any documentation to verify the debt after receiving the Plaintiff's dispute letter.

34.     Pursuant to 15 U.S.C. § 1692e(2)(A), a debt collector violates the FDCPA when it makes a false representation regarding the "the character, amount, or legal status of any debt."

35.     Pursuant to 15 U.S.C. § 1692e(10), a debt collector violates the FDCPA when it uses "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

36.     Continuing to make collection communications after receiving a dispute letter and not providing any verification documents is a misrepresentation of the character and legal status of the debt.

37.     Accordingly, Defendant violated 15 U.S.C. § 1692e when it made misrepresentations regarding the character, amount, and legal status of the Mercury debt by continuing to send collection communications to collect on the debt after receiving a dispute letter from the Plaintiff.

38.     Furthermore, the Defendant intentionally switched debt collectors to avoid providing proper documentation as promised to the Plaintiff.

39. Finally, FNCB collection letter offered the Plaintiff the ability to dispute the debt stating if she does not due so, we will assume that our information is correct, ignoring the fact that this debt was already disputed and never validated.

40. Pursuant to 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

41. Defendant acted unfairly and unconscionably by attempting to collect a debt that it was not allowed to collect upon by never verifying its ownership after a dispute.

42. Thus, Defendant violated multiple provisions of the FDCPA.

43. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

44. The harms caused by Defendant have a close relationship with various harms traditionally recognized as providing a basis for lawsuit in American courts.

45. As it relates to this case, the common-law analogues are to the traditional torts of fraud, negligent infliction of emotional distress, invasion of privacy, and nuisance.

46. For the purposes of this action, only a close relationship to common law harm is needed, not an exact duplicate.

47. Defendant's conduct demonstrated a reckless disregard for causing Plaintiff to suffer from emotional stress.

48. Defendant's violations were knowing, willful, negligent, and/or intentional, and Defendant did not maintain policies and procedures reasonably adapted to avoid any such violations.

49. Defendant's collection efforts with respect to the alleged debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the

legally protected right to not be misled or treated unfairly with respect to any action for the collection of any consumer debt.

50. Defendant's conduct with respect to its collection efforts were material in that the same affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts.

51. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

52. Defendant's communications further caused distress, embarrassment, humiliation, disruption, and other damages and consequences.

53. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be harassed or treated unfairly in connection with the collection of a debt.

54. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with a legally protected right to not suffer an invasion of privacy in connection with the collection of a debt.

55. In reliance on Defendant's conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

56. In reliance on Defendant's conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of debt collection informational furnishment, and ultimate dissemination, to third parties.

57. Based on Defendant's failure to respond to Plaintiff's dispute letter in accordance with the FDCPA, Plaintiff expended time, money, and resources to determine how to respond to Defendants' debt collection activities.

58. As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e *et seq.*

59. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

60. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

61. Pursuant to 15 U.S.C. § 1692e: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

62. Pursuant to 15 U.S.C. § 1692e(2)(A), a debt collector violates the FDCPA when it makes a false representation regarding the "the character, amount, or legal status of any debt."

63. Pursuant to 15 U.S.C. § 1692e(10), a debt collector violates the FDCPA when it uses "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

64. The FNCB January Letter (Exhibit B) and the FNCB February Letter (Exhibit C) both misrepresent the character and legal status of the Mercury debt because they are collection communications which were sent to collect on a disputed debt without the required verification being sent to the Plaintiff.

65. Thus, Defendant violated 15 U.S.C. § 1692e:

    a. By deceptively misrepresenting the character and legal status of the underlying debt by making collection efforts on a disputed debt without verifying it, in violation of 15 U.S.C. § 1692g; and

    b.    By failing to maintain policies and procedures that were reasonably calculated to prevent misrepresentation being made in collection communications for an unverified and disputed debt.

66.    By reason thereof, Defendant is liable to Plaintiff and the Class for judgment in that Defendant's conduct violated 15 U.S.C. § 1692e *et seq.* of the FDCPA, and includes actual damages, statutory damages, costs, and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f *et seq.*

67.    Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

68.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

69.    Pursuant to 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

70.    The FNCB January Letter (Exhibit B) is unfair and unconscionable means to collect on a disputed debt without proper verification.

71.    Thus, Defendant violated 15 U.S.C. § 1692f:

    a.    By unfairly and unconscionably trying to collect on an unverified, disputed debt; and

    b.    By failing to maintain policies and procedures that were reasonably calculated to prevent unfair collection communications to be sent to disputed, unverified debts.

11

72. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated 15 U.S.C. § 1692f *et seq.* of the FDCPA, which includes actual damages, statutory damages, costs, and attorneys' fees.

## **COUNT III**

### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
### **15 U.S.C. § 1692g *et seq.***

73. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

74. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

75. Pursuant to 15 U.S.C. § 1692g(b):

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

76. Thus, Defendant violated 15 U.S.C. § 1692g:

    a. By making collection efforts on a disputed debt without verifying it;

    b. By misstating that the debt will be assumed to be correct if not disputed, when it was previously disputed without response by Defendant;

    c. By failing to maintain policies and procedures that were reasonably calculated to prevent collection of an unverified debt.

77. By reason thereof, Defendant is liable to Plaintiff and the Class for judgment in that Defendant's conduct violated 15 U.S.C. § 1692g *et seq.* of the FDCPA, and includes actual damages, statutory damages, costs, and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

78. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Margulia Neiman, individually and on behalf of all other similarly situated, demands judgment from the Defendant as follows:

1. Declaring that this action is properly maintained as a Class Action and certifying the Plaintiff as Class Representative, and the undersigned Attorneys as Class Counsel;

2. Awarding the Plaintiff and the Class actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3. Awarding the Plaintiff and the Class statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

4. Awarding the Plaintiff costs for this Action, including reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

5. Providing declaratory relief for the Plaintiff and the Class by stating that the Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201; and

6. Awarding the Plaintiff and the Class any such other and further relief as this Court may deem just and proper.

| | |
|---|---|
| Dated: November 29, 2023 | Respectfully submitted, |
| | **STEIN SAKS, PLLC** |
| | */s/ PeterPaul Shaker* |
| | By: PeterPaul Shaker, Esq. |
| | One University Plaza, Suite 620 |
| | Hackensack, NJ 07601 |
| | Phone: 201-282-6500 |
| | Fax: 201-282-6501 |
| | pshaker@steinsakslegal.com |
| | *Counsel for Plaintiff Margulia Neiman* |